UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FRIDA KAHLO CORPORATION, a
Panamanian corporation, and FRIDA KAHLO
INVESTMENTS, S.A., a Panamanian                    CASE NO.
corporation,

                Plaintiffs,

vs.

MARA CRISTINA TERESA ROMEO
PINEDO, an individual and FAMILIA
KAHLO S.A. DE C.V., a Mexico corporation.

                Defendants.

_____/

## COMPLAINT

### JURY TRIAL DEMANDED

Plaintiffs, Frida Kahlo Corporation and Frida Kahlo Investments, S.A. (collectively, "Plaintiffs"), by and through their undersigned counsel, pursuant to the Fed. R. Civ. P., hereby sue Defendants, Mara Cristina Teresa Romeo Pinedo and Familia Kahlo, S.A. DE C.V., and state:

### Nature of the Action

1.      The Plaintiffs bring this lawsuit against the Defendants for copyright infringement under the Copyright Act, 17 U.S.C. §501, tortious interference with an advantageous business relationship under Florida law, and for Declaratory Judgment under 28 U.S.C. §2201 for a declaration as to the right of Frida Kahlo Corporation to use the trademarks at issue in this lawsuit in connection with exhibitions and to use the images of the artist, Frida Kahlo, as captured by photographers during her lifetime and as properly licensed by the Frida Kahlo Corporation.

1

**Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331, because the causes of action arise under the Copyright Act and the Lanham Act.

3.      This Court also has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds $75,000 exclusive of interest and costs and this action is between citizens of Florida and citizens of Mexico.

4.      This Court has supplemental jurisdiction over the claims arising under Florida state law in this action pursuant to 28 U.S.C. §1367 because such claims are so related to claims arising under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in this district.

6.      The Court has personal jurisdiction over the Defendants pursuant to Fla. Stat. § 48.193(2), because they have personally, or through an agent or personal representative: committed tortious acts within this state by knowingly, intentionally and unjustifiably interfering with business contracts and advantageous business relationships, causing injury to Plaintiffs within this state. The causes of action arise from Defendants' activities, including sending cease and desist letters to Plaintiffs' licensees, in Florida.

7.      The Court also has personal jurisdiction over the Defendants under Fed. R. Civ. P. 4(k)(2) because the claim arises under federal law, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

2

**The Parties**

8.      Plaintiff, Frida Kahlo Corporation, is a Panamanian corporation, with its principal place of business in Bal Harbor, Florida. Frida Kahlo Corporation does business as Frida Kahlo Group.

9.      Plaintiff, Frida Kahlo Investments, S.A. ("Frida Kahlo Investments"), is a Panamanian corporation formed in 2008, with an office in Bal Harbor, Florida.  Frida Kahlo Corporation, through its wholly owned subsidiary, Frida Kahlo Investments, manages Frida Kahlo Corporation's trademarks, including the management of its trademark licenses.

10.     Defendant, Mara Teresa Cristina Romeo Pinedo ("Pinedo"), is an individual residing in Mexico.

11.     Pinedo previously acted for Frida Kahlo Corporation in her capacity as secretary of the Frida Kahlo Corporation and has travelled to and worked from Plaintiffs' offices in Miami, Florida during that time.

12.     This lawsuit concerns Defendants' tortious interference with Frida Kahlo Corporation's licensees in July 2022, and the rights of the parties with respect to the name and image of Frida Kahlo in connection with art exhibitions and phone covers.

13.     Defendant Familia Kahlo, S.A. DE C.V. ("Familia Kahlo") is a sociedad anonima (sa de cv) formed in Mexico.

14.     Pinedo is an officer and owner of Familia Kahlo, S.A. DE C.V.

**Facts**

15.     Frida Kahlo Corporation was formed in 2004, with the mission to educate, share and preserve the art, image, and legacy of the world-famous Mexican artist, Magdalena Carmen

3

Frida Kahlo y Calderon (aka "Frida Kahlo"), through the worldwide commercialization and licensing of the FRIDA KAHLO brand.

16.    Frida Kahlo Corporation is the owner of hundreds of trademarks worldwide.  The following trademarks in the United States are at issue in this lawsuit:

| Trademark | Registration or Serial No | Goods and Services |
|---|---|---|
| Frida | 6061413 | Educational services, namely, providing classes, workshops, conferences, seminars, and networking events in the field of Frida Kahlo, art, and woman empowerment; Providing of training in the field of Frida Kahlo, art, and woman empowerment; Entertainment services, namely, exhibits in the field of art exhibitions; Sporting and cultural activities in the nature of art exhibitions, galleries, and museums |
| IMMERSIVE FRIDA KAHLO EXHIBIT | 90780519 | Art exhibitions; Museums |
| FRIDA KAHLO EXPERIENCE | 90780576 | Art exhibitions; Museums |
| FRIDA EXPERIENCE | 90780539 | Art exhibitions; Museums |
| FRIDA KAHLO | 90780581 | Art exhibitions; Museums |
| FRIDA KAHLO | 6211125 | Cell phone covers; Protective covers and cases for cell phones; Protective covers and cases for cell phones, laptops and portable media players; Protective covers for cell phones |

(collectively, "the FKC Trademarks").

17.    Frida Kahlo Corporation also has established common law rights in various marks through substantial and continuous use in commerce in the United States.

18.    Frida Kahlo Corporation is the owner of several copyrighted works as well.

19.    In 2018, Frida Kahlo Corporation created the following original work, titled Frida Kahlo Vintage Floral:

4



20.     Frida Kahlo Vintage Floral was first published on March 8, 2018 and registered by Frida Kahlo Corporation with the United States Copyright Office in Registration Number VA 2-222-720, having an effective date of registration of September 9, 2020.  A copy of the Certificate of Registration is attached hereto as **Exhibit A**.

21.     In 2019, Frida Kahlo Corporation created the following derivative work of the Frida Kahlo Vintage Floral, titled Frida Kahlo Minimalist:



22.     Frida Kahlo Minimalist was first published on March 8, 2019 and registered by Frida Kahlo Corporation with the United States Copyright Office in Registration Number VA 2-222-724, having an effective date of registration of September 9, 2020.  A copy of the Certificate

of Registration is attached hereto as **Exhibit B**. Frida Kahlo Corporation's copyrighted works are hereinafter referred to as "FKC's Copyrighted Works."

23.     Defendants had access to FKC's Copyrighted Works as such works were used in connection with goods available for consumer purchase online on various websites.

24.     Plaintiffs have entered into contracts with (i) Primo Entertainment LLC ("Primo Entertainment"), a Florida limited liability company, (ii) OEG Latino, a division of One Entertainment Group, LLC ("OEG"), a Texas limited liability company, and Garber IMC as licensees, to co-brand, promote and publish walk-through exhibitions titled *Frida Kahlo – The Life of an Icon* ("Exhibitions").

25.     Plaintiffs have also entered into a contract with Casely, Inc., a New York corporation, as a licensee to co-brand, produce and promote phone covers.

26.     In July 2022, Defendants, through the General Manager of Defendant Familia Kahlo S.A. de C.V., Alfonso Duran, sent cease and desist letters to several of Frida Kahlo Corporation's licensees in the United States and Florida, demanding that the licensee's "refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo" all the while knowing Plaintiffs conduct business from their offices in Miami, Florida.

27.     Primo Entertainment, OEG, Garber IMC and Casely (the "Licensees") have requested Frida Kahlo Corporation dedicate resources to address the cease and desist letters.

28.     The Exhibitions explore a journey through Frida Kahlo's biography using collections of historical photographs, original films, digital environments, artistic installations, collector's items and newly created music.

29.     Plaintiffs advertise the Exhibitions on their website at https://fridakahlocorporation.com/.

30.     The Exhibitions are scheduled in seven cities in the United States, including Miami, Florida.

31.     Consumers may purchase tickets for the Exhibitions in the United States, including the Exhibition scheduled in Miami, Florida through the website.

32.     The Defendants' intimidation of Plaintiffs' licensees is not limted to those targeted for the production and operation of the Exhibition.

33.     The dates, licensee and excerpts from a few of the cease and desist notices sent by Defendants to Plaintiffs' Licensees in the United States and Florida are summarized below:

| Date | Licensee | Excerpt |
|---|---|---|
| March 24, 2017 | Cantor Fine Art | [W]e kindly request you to please immediately cease such use, inform us that you are ceasing such use, and in any case inform us if you have any authorization to use such Emoji Keyboard and all the correspondent information of such authorization. |
| September 19, 2017 | Rage On | [T]his activity directly and flagrantly violates the Intellectual Property rights of Mrs. Mara Cristina Teresa Romeo Pinedo, since neither she nor Familia Kahlo, S.A. de C.V., granted the authorization or license necessary for the said goods to be associated totally or partially with the image and / or the name and / or the signature of the famous Mexican painter. |
| January 19, 2021 | CIC Media TV, Miami, Florida | The following then serves to ask you, not to violate the intellectual property of the undersigned and much less the image of our family, specifically the famous painter FRIDA KAHLO [translated]. |
| July 22. 2022 | Primo Entertainment, | [W]e hereby have the obligation to request that you refrain from participating, directly or |

|  | Miami, Florida | indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo, in which case we will hold you jointly and severally liable |
|---|---|---|
| July 22, 2022 | OEG Latino | [W]e hereby have the obligation to request that you refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo, in which case we will hold you jointly and severally liable |
| July 25, 2022 | Casely | [W]e hereby have the obligation to request that you refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo, in which case we will hold you jointly and severally liable |

34.     Specifically, on July 22, 2022, Defendants sent a cease and desist letter to Primo Entertainment relating to the Exhibitions.  In the cease and desist letter, Defendants demanded that Primo Entertainment "refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo."

35.     Similarly, on the same day, Defendants sent the same cease and desist letter to OEG Latino, demanding that OEG Latino "refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo."

36.     Again, on the same day, Defendants sent the same cease and desist letter to Garber IMC, demanding that Garber IMC "refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo."

37.     On July 25, 2022, Defendants sent a similar cease and desist letter to Casely, relating to the production or commercialization of a collection of phone cases, demanding that

8

Casely "refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo."

38.     In the cease and desist letters, Defendants demand that Frida Kahlo Corporation's Licensees, at the recipient of the letter, stop in any business initiative that involves the "name" or "image" of Frida Kahlo.

39.     Defendants intended to cause Primo Entertainment, OEG Latino and Garber IMC to cease production and promotion of the Exhibitions, thus interfering with their relationships with Plaintiffs, and causing harm to the relationship between Plaintiffs and their licensees.

40.     Defendants also intended to cause Casely from ceasing production and promotion of the phone cases, thus interfering with its relationship with Plaintiffs, and causing harm to the relationship between Plaintiffs and their licensee.

41.     Defendants state in the cease and desist letters to the Licensees that they have requested "nullity of any association or co-production agreements" between Frida Kahlo Corporation and natural or legal persons, in relation with the improper use of Frida Kahlo's image and name.

42.     In their letters, Defendants also, without authorization, displayed a derivative work of FKC Copyrighted Works:



43.     Notably, Defendants, in their cease and desist letters, did not identify or provide any trademark or copyright registrations, or otherwise provide any evidence or information

identifying that Defendants own any intellectual property rights relating to the use of Frida Kahlo's image and name in connection with the Exhibitions or the phone covers.

44.    The Licensees use FKC's Trademarks, which include the "name" Frida Kahlo in connection with the Exhibitions and phone covers.

45.    Plaintiffs have obtained all required copyright licenses from photographers for the use of images of Frida Kahlo in the photographs used in the Exhibitions.

46.    The artist, Frida Kahlo, died July 13, 1954.

47.    No rights of publicity of Frida Kahlo exist in the United States.

48.    Because Defendants have not identified and do not own any rights in the United States for the name or image of Frida Kahlo, Defendants have no justification in interfering with Plaintiffs' relationships and contracts with the Licensees.

49.    Defendants manifested a specific intent to interfere with Plaintiffs' license agreements and relationships when Defendants sent cease and desist letters to the Plaintiffs' Licensees, demanding that the Licensees refrain from business activity using the FKC Trademarks and images of Frida Kahlo – without any legal basis in the United States.

50.    Defendants intentionally and unjustifiably interfered with the relationship between Plaintiffs and the Licensees relating to the Exhibitions and the phone covers in order to cause the licensees to cease from continuing to do business with the Plaintiffs and to inflict harm to Plaintiffs' commercial activities in Florida and the U.S.

51.    Plaintiffs have incurred damages, which are continuing, and include without limitation, Plaintiffs having to dedicate resources to address Defendants' interference campaign and damages directly caused by Defendants' interference in Plaintiffs' business relationships with their licensees.

52.     All conditions precedent have been met and the claims being asserted by Plaintiffs are ripe for consideration by the Court.

## COUNT I – COPYRIGHT INFRINGEMENT

53.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 52 hereof as if set forth herein in full.

54.     Frida Kahlo Corporation is the exclusive copyright owner and holder of copyright registrations in the FKC Copyrighted Works titled Frida Kahlo Vintage Floral, Registration Number VA 2-222-720, and Frida Kahlo Minimalist, Registration Number VA 2-222-724.

55.     Defendants had online access to FKC's Copyright Works after Plaintiffs' first publications of FKC's Copyrighted Works.

56.     Defendants made a derivative work of FKC's Copyrighted Works without the permission of the Frida Kahlo Corporation.

57.     Frida Kahlo Corporation has never authorized the Defendants, by license or otherwise, to use FKC's Copyrighted Works.

58.     Defendants' infringing derivative work is substantially similar to FKC's Copyrighted Works.

59.     Defendants have used their derivative work as a logo on cease and desist letters sent to the Licensees on July 22, 2022 and July 25, 2022.

60.     Additionally, the Defendants have realized unlawful and unjust profits from their unauthorized making of a derivative work and displaying such derivative work as their logo used in connection with their business.

61.     Frida Kahlo Corporation has sustained damage to the value of FKC's Copyrighted Works.

11

62.     Defendants have committed the acts of infringement willfully and maliciously, and with intentions to disrupt Frida Kahlo Corporation's business and Plaintiffs' relationships with Licensees.

63.     The Defendants are jointly and severally liable for the damages sustained by Plaintiffs as a result of the infringing activities by the Defendants.

## COUNT II - TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

64.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 52 hereof as if set forth herein in full.

65.     Plaintiffs have an advantageous business and contractual relationship with Primo Entertainment, OEG Latino and Garber IMC relating to Exhibitions and with Casely relating to phone covers.

66.     Defendants, knowing of the relationships between Plaintiffs and the Licensees, sent the Licensees cease and desist letters, claiming that the Licensees must refrain from using the name and image of Frida Kahlo.

67.     Defendants do not have any intellectual property rights for the name and image of Frida Kahlo in the United States.

68.     Defendants' actions of sending cease and desist letters into the United States and Florida to the Licensees were intentionally meant to cause the Licensees to cease production and promotion of the Exhibitions and the phone covers.

69.     Defendants unjustifiably interfered with the relationship between Plaintiffs and the Licensees.

70.     Plaintiffs suffered damages in dedicating resources and as a result of Defendants' interference, and continue to suffer damages.

**COUNT III– DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**

71.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 52, as if set forth herein in full.

72.     A case or controversy exists under Article III of the United States Constitution as Defendants have sent cease and desist letters to several of Plaintiffs' licensees in the United States, including Primo Entertainment, located in Florida, OEG Latino and Garber IMC, misrepresenting that they are the rightful and purported owners of the name and image of "Frida Kahlo" used in connection with the Exhibitions.

73.     Such statements are not only false, but harmful to Plaintiffs' relationships with all of its licensees, of the FKC Trademarks in the United States.

74.     Defendants own no such rights – none exist for rights of publicity in the United States for images or names used in connection with art exhibitions.

75.     Defendants do not own, nor have they applied for registration of any copyright or trademark for FRIDA KAHLO in connection with art exhibitions.

76.     Frida Kahlo Corporation is the owner of hundreds of trademarks worldwide.  In the United States, Frida Kahlo Corporation is listed as the trademark owner of the FKC Trademarks.

77.     A dispute has arisen between Plaintiffs and Defendants as to (i) whether any rights of publicity exist for Frida Kahlo's name and image under law; (ii) whether any copyrights are infringed in the photographs and images used in the Exhibitions; and (iii) whether Plaintiffs own the FKC Trademarks registered and applied-for in connection with exhibitions; and (iv) whether Plaintiffs own the FKC Trademark registered in connection with phone covers.

78.     Plaintiffs are entitled to a declaratory judgment, declaring the rights and legal

relations between them as they relate to the intellectual property rights of Plaintiffs and Defendants in connection with exhibitions and phone covers.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiffs asks this Court to enter judgment in their favor and against Defendants, jointly and severally, for:

(A) compensatory damages in an amount greater than $75,000 exclusive of interest and costs;

(B) an award of reasonable attorney's fees, because this case is exceptional under the Lanham Act;

(C) that Defendants be required to account for and pay over to Plaintiffs the actual damages suffered by them as a result of the aforesaid copyright infringements and any profits of the Defendants attributable to each such infringement of each of Plaintiffs' copyrights or exclusive rights under copyright and to pay such damages to them as this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at their election, statutory damages for each infringement of each copyright as set forth in 17 U.S.C. §504, up to $150,000 for each such infringement;

(D) that Plaintiffs recover attorneys' fees and costs of suit incurred herein under 17 U.S.C. §505;

(E) an Order enjoining Defendants from interfering with Plaintiffs' Licensees;

(F) an Order declaring that Plaintiff, Frida Kahlo Corporation, as owner of the FKC Trademarks, has the right to use its trademarks without violating any rights of publicity of Frida Kahlo;

(G) an Order declaring that Plaintiffs have the right to use the photographic images of

Frida Kahlo used in the Exhibitions, without violating any rights of publicity of Frida Kahlo;

(H) for such other and further relief as the Court deems just and proper.

**PLAINTIFFS HEREBY DEMAND a jury trial under FRCP Rule 38(a).**

Date: July 29, 2022                                    Respectfully submitted,

By: s/Darlene Barron
Darlene Barron, Esq.
Florida Bar No. 108873
dbarron@lex188.com
William R. Trueba, Jr., Esq.
Florida Bar No. 117544
wtrueba@lex188.com
Roberto M. Suarez, Esq.
Florida Bar No. 95762
rsuarez@lex188.com
TRUEBA & SUAREZ, PLLC
7480 Bird Road, Suite 601
Miami, Florida 33155
Telephone:     (305) 482-1001
Facsimile:      (786) 516-2826

*Attorneys for Plaintiff*