UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**Miami Division**

CASE NO: 22-CV-22399-DPG

**FRIDA KAHLO CORPORATION, a
Panamanian corporation, and FRIDA
KAHLO INVESTMENTS, S.A., a
Panamanian corporation,**

          **Plaintiffs,**

**v.**

**MARA CRISTINA TERESA ROMEO
PINEDO, an individual, and FAMILIA
KAHLO S.A. DE C.V., a Mexican corporation,**

          **Defendants.**

_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants, MARA CRISTINA TERESA ROMEO PINEDO ("Mara Cristina"), an individual, and FAMILIA KAHLO S.A. DE C.V. ("Familia Kahlo"), a Mexican corporation, respectfully move this Court to dismiss Plaintiffs', FRIDA KAHLO CORPORATION ("FKC"), a Panamanian corporation, and FRIDA KAHLO INVESTMENTS, S.A. ("FKI"), a Panamanian corporation, Complaint [ECF 1] pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), and in support thereof Defendants state as follows:

## INTRODUCTION

The present action was filed by Plaintiffs on July 29, 2018 [ECF 1] against Defendants, a Mexican citizen and Mexican corporation, which do not reside in the United States nor are domiciled or incorporated in the state of Florida, *see* Defs. Comp. Exhibit "A" at pp. 2–3, ¶¶ 3-7; 5, ¶¶ 2–14, for, *inter alia*, an alleged Copyright- and Lanham Act violation. Defendant Familia Kahlo was served via letter rogatory in Mexico on October 18, 2022. Similarly, Mara Cristina was served via letter rogatory in Mexico on October 20, 2022. *See* [ECF 9].

This case is not novel, in fact, it is not the first time the parties are before the Court. *See Frida Kahlo Corporation v. Pinedo*, No. 18-21826-Civ-Scola, 2021 WL 4147876 (S.D. Fla. Sept. 13, 2021). Previously, Plaintiffs filed an action against Defendants in a haphazardly attempt to strip Defendant Mara Cristina, the rightful owner of the Frida Kahlo mark and name, and Defendant Familia Kahlo of the rights conferred to them by the intellectual property laws of Mexico—where the underlying disputes and issues of law originate. *See Id.* That action was dismissed by the Court for similar reasons as those laid out herein by Defendants. Once again, Plaintiffs are attempting to bypass the laws of Mexico and the legal disputes that are ongoing in Panama and Spain by filing this action in the United States to attempt to gain some form of authentication of its false claims to the intellectual property rights of the Frida Kahlo mark.

Plaintiffs' Complaint [ECF 1] asserts that the present action "concerns Defendants' tortious interference with Frida Kahlo Corporation's licensees in July 2022, and the rights of the parties with respect to the name and image of Frida Kahlo in connection with art exhibitions and phone covers." [ECF 1] at ¶ 12. However, FKC fails to mention that the intellectual property rights to the Frida Kahlo trademark were vested in Defendants under section XII of Article 90 of Mexico's Industrial Property laws. *See Frida Kahlo Corporation v. Pinedo*, No. 18-21826-Civ-Scola, [ECF 7] at ¶¶ 13-15. Nevertheless, Plaintiffs attempt to misguide this Court by stating that FKC "was formed in 2004, with the mission to educate, share and preserve the art, image, and legacy of the world-famous Mexican artist, Magdalena Carmen Frida Kahlo y Calederon (aka 'Frida Kahlo'), through the worldwide commercialization and licensing of the FRIDA KAHLO brand." [ECF 1] at ¶ 15. Such was not the case. Defendant Mara Cristina and her family, the closest living descendants of Frida Kahlo, have championed the legacy of one of Mexico's greatest painters and cultural icons. Frida Kahlo Corporation was created in 2004 for the purpose of commercializing the name and brand, Frida Kahlo. Unfortunately, that commercialization led to those operating FKC to make like a thief in the night with the property rights to the brand, right from under the Defendants and the descendant family's nose.

The Complaint alleges that Defendants have (i) infringed on Plaintiffs' copyright by sending cease and desist letters[1] to Plaintiffs' licensees in Florida, (ii) created a derivative work of

---

[1] Plaintiffs' claims depend, to some extent as detailed herein, on three identified cease and desist letters; however, Plaintiffs do not provide the letters with the Complaint, *see generally* [ECF 1], rather opting to plead out of context excerpts from the letters. *Id.* at ¶ 33. Defendants have attached the respective letters as Defs. Composite Exhibit "B" as the contents of the letter were plead to and should be considered as part of the four-corners of the Complaint.

Plaintiffs' copyright, (iii) tortiously interfered with Plaintiffs' business opportunities, and (iv) called into question Plaintiffs' rights, and therefore, a declaratory judgment from this Court is warranted. *See generally* [ECF 1]. Plaintiffs' allegations do not only fail to state a claim under the appropriate federal and state statutes but also fail to establish a prima facie case of personal jurisdiction over Defendants and that this Court has subject matter jurisdiction over the Frida Kahlo mark to declare the rights between the Parties as to the mark. Therefore, for the reasons detailed herein, the Court should dismiss the Complaint.

## MEMORANDUM OF LAW

### I.     Standard for a Motion to Dismiss

For the purposes of a motion to dismiss a district court "must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1373 (S.D. Fla. 2016) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.*

However, when defendants "[mount] a factual attack to standing under Federal Rule of Civil Procedure 12(b)(1) asserting lack of subject matter jurisdiction, a court can 'consider extrinsic evidence such as deposition testimony and affidavits' and is not 'constrained to view [the facts] in the light most favorable to the plaintiff.'" *Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1246 (S.D. Fla. 2019) (quoting *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013) (cleaned up)).

### II.    This Court lacks Personal Jurisdiction over Defendants.

A federal district court sitting in diversity undertakes a two-step inquiry in ruling on a motion to dismiss for lack of personal jurisdiction. "First, it must determine whether the exercise of jurisdiction is appropriate under the state long-arm statute. Second, it must determine whether the exercise of jurisdiction violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1343 (S.D. Fla. 2017) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

Under the first prong, district courts must analyze the states long-arm statute and construe it as the state's supreme court would. *See Lockard v. Equifax, Inc.,* 163 F. 3d 1259, 1265 (11th Cir. 1998). There are two components of jurisdiction under Florida's long arm statute: general and specific. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 477 F.2d 1357, 1360 (11th Cir. 2006).

### A. General Jurisdiction

Florida's general jurisdiction provision states that a defendant who is engaged in substantial and non-isolated activities within the state, whether such activities are wholly interstate, intrastate or otherwise, is subject to the jurisdiction of the courts of the state, whether or not the claim arises from the activity(ies). § 48.193(2), Fla. Stat. This provision allows the district court to assert general personal jurisdiction over a nonresident defendant, who has substantial and non-isolated activity within Florida even when that activity is unrelated to the cause of action being litigated. *Id*. However, when applying Florida's long-arm statute a federal district court must also ensure that if the law subjects a nonresident defendant to personal jurisdiction such exercise of jurisdiction also conforms with the due process clause of the Fourteenth Amendment. *See Ford Motor Co. v. Montana Eight Jud. Dist. Ct.*, 141 S.Ct. 1017, 1024 (2021) (holding that "[t]he Fourteenth Amendment's Due Process Clause limits a state court's power to exercise jurisdiction over a defendant.). Furthermore, the United States Supreme Court has held that "an individual is subject to general jurisdiction in her place of domicile." *Ford Motor Co.*, 141 S.Ct. at 1024 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Finally, Florida's long-arm statute "must be strictly construed, and any doubts about the applicability of the statute are resolved in favor of the defendant and against a conclusion that personal jurisdiction exists." *Interim Healthcare, Inc. v. Interim Healthcare of Se. La., Inc.*, No. 19-cv-62412, 2020 WL 3078531, at *8 (S.D. Fla. June 10, 2020) (quoting *Gadea v. Star Cruises, Ltd.*, 949 So.2d 1143, 1150 (Fla. 3d DCA 2007)).

### i. Defendant Mara Cristina is not subject to general jurisdiction under Florida's Long-Arm statute.

As the Supreme Court held in *Ford Motor Co.*, an individual is subject to general jurisdiction if that individual is domiciled in that state. *Ford Motor Co.*, 141 S.Ct. at 1024. Furthermore, under Florida law a person is subject to general jurisdiction in Florida if the individual's contacts are substantial and non-isolated. *Stubbs*, 477 F.2d at 1360. However, such contacts do not exist in the present case.

First, Defendant Mara Cristina does not live in Florida nor is she even a citizen of the United States, she is a citizen of Mexico and domiciled in Mexico City. *See* Defs. Comp. Exhibit A at p. 5, ¶¶ 2–14. Second, Plaintiffs do not, at any point in their pleadings, allege that Defendant Mara Cristina "is engaged in substantial and no[n] isolated activity within [the] state," triggering section 48.193, Florida Statutes. In fact, Plaintiffs simply raise boilerplate allegations that both Defendants acted in their individual capacity, or through agents, to tortiously target Plaintiffs' business contracts and advantageous business relationships in Florida. [ECF 1] at ¶ 6. Such allegations would fall in the specific jurisdiction bucket of section 48.193 and have no bearing on whether this Court has general jurisdiction over Mara Cristina. Therefore, given the lack of facts in the Complaint that Mara Cristina, as an individual, was engaged in substantial and non-isolated activity(ies) in Florida, this Court must dismiss her from this action for lack of general personal jurisdiction.

### ii.    *Defendant Familia Kahlo is not subject to general jurisdiction under Florida's Long-Arm statute.*

Federal courts have long held that "[a]bsent exceptional circumstances, general jurisdiction over a corporation exists only in its place of incorporation and principal place of business." *In re: Zantac (Ranitidine) Products Liability Litigation*, 546 F. Supp. 3d 1192, 1204 (S.D. Fla. 2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 n.19 (2014)). However, "'[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Here, Defendant Familia Kahlo is a Mexican corporation duly incorporated in Mexico and has no buildings, headquarters, or operations in Florida making it a corporate citizen of Mexico. *See* Defs. Comp. Exhibit A at pp. 2–3, ¶¶ 3–7. Thus, pursuant to the long-held position by our Supreme Court, Familia Kahlo is not subject to general jurisdiction due to its domicile and incorporation. *See Daimler*, 571 U.S. at 138–39. Moreover, Plaintiffs have not plead any facts that demonstrate that Defendant Familia Kahlo has "affiliations with [Florida] [that] are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *See generally* [ECF 1]; *see also Goodyear*, 564 U.S. at 919.

At best, Plaintiffs allege that Defendant Familia Kahlo sent cease and desist letters into the forum state and that in doing so it carried out a tortious act in Florida. *See* [ECF 1] at ¶ 6. However, as with the case of Defendant Mara Cristina, the alleged tortious acts by way of the cease and desist letters are more akin to acts that would subject Defendant Familia Kahlo to specific personal jurisdiction—which will be discussed in turn herein—not general personal jurisdiction. Therefore, given the lack of facts in the Complaint that Familia Kahlo, as a corporation, had affiliations in Florida that were so continuous and systematic as to render it "at home" in Florida, this Court must dismiss it from this action for lack of general personal jurisdiction.

### B. *Specific Jurisdiction*

In *Ford Motor Co.*, the Supreme Court explains that a defendant "must take 'some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State . . .'" and that "the contacts must be the defendant's own choice and not 'random, isolated, or fortuitous,'" to subject him, her, or it to the specific jurisdiction of the forum state. *Ford Motor Co.*, 141 S.Ct. at 1024–25. Ultimately, "the plaintiff's claims . . . 'must arise out of or relate to the defendant's contacts with the forum.'" *Id.* at 1025 (quoting *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty.*, 582 U. S. __, __, 137 S.Ct. 1773, 1780 (2017)). In other words, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.*

However, if a contact with the forum state does satisfy *Bristol-Myers*, and the progeny of specific jurisdiction cases, a court must still determine whether exercising specific jurisdiction violates the defendant's due process. The Eleventh Circuit uses a three-part Due Process test to determine if enforcing jurisdiction over nonresident defendants violates the Fourteenth Amendment. First, whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; second, whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and third, whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

As to the first prong, a court should "focus on the direct causal relationship between the defendant, the forum, and the litigation." *Id.* at 1355–56. Furthermore, when looking at the

purposeful availment prong a court may apply the traditional minimum-contacts test, or, in intentional-tort cases, may utilize the effects test. First, under the minimum contacts test a court assesses

> the nonresident defendant's contacts with the forum state and ask whether those contacts: (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being hailed into court in the forum.

*Louis Vuitton Malletier, S.A.*, 736 F.3d at 1357. To do this, the court must "identify all contacts between a nonresident defendant and a forum state and ask whether, individually or collectively, those contacts satisfy [the] criteria." *Id.* On the other hand, "[u]nder the 'effects test,' a nonresident defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state." *Id*. at 1356. "This occurs when the tort: (1) was intentional; (2) was aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state." *Id.* As to the third prong, a court should consider: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Id.* at 1358.

Furthermore, the initial burden is on Plaintiffs to "plead sufficient facts to support the exercise of personal jurisdiction." *Miller v. Gizmodo Media Group, LLC*, 383 F. Supp. 3d 1365, 1370 (S. D. Fla. 2019). However, once Defendants establish a prima facie case that this Court lacks specific personal jurisdiction the burden shifts back to Plaintiffs to demonstrate the contrary. *Id.*

"A plaintiff's claim must 'arise out of or relate to at least one of the defendant's contacts with the forum.'" *Id.* (quoting *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355). Here, Plaintiffs have failed to plead any facts or put forward any evidence that demonstrates that Defendants have any contacts with the state of Florida. Absent a showing that more than the alleged tortious cease and desist letters were used to interfere with Plaintiffs' business operations, Plaintiffs fail to meet their burden under the first part of the Eleventh Circuit's three-part test.

   i.   ***Defendant Mara Cristina is not subject to specific jurisdiction under Florida's Long-Arm statute.***

Plaintiffs fail to meet their burden under the first step of the Eleventh Circuit's three-part test, however, even if the Court were to find that the first step was satisfied, Plaintiffs also fail to

meet their burden as to the second part of the test—Florida's Long Arm Statute. The Long Arm Statute outlines nine statutory basis for an individual to be subject to specific personal jurisdiction in Florida, including in relevant but not limited to:

> 1.  Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state. 2. Committing a tortious act within this state. 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: a. The defendant was engaged in solicitation or service activities within this state; or b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

§ 48.193, Fla. Stat. Moreover, these requirements under Florida law also go toward determining if Defendants meet the traditional minimum contacts' test. Here, they do not.

Plaintiffs allege that "Defendants intended to cause Primo Entertainment, OEG Latino and Garber IMC to cease production and promotion of the Exhibitions, thus interfering with their relationships with Plaintiffs, and causing harm to the relationship between Plaintiffs and their licensees." [ECF 1] at ¶ 39. Plaintiffs' boilerplate arguments do not rise to the constitutional standard of specific personal jurisdiction that the Supreme Court requires be demonstrated for a court to exercise jurisdiction over a nonresident defendant. In *Burger King Corp.*, the Supreme Court held that for a person to be subject to specific personal jurisdiction that person must "purposefully avail" him or herself to the benefits of the forum state. *Burger King Corp.*, 471 U.S. at 475. The Supreme Court has also held that to purposefully avail oneself to the jurisdiction of a state, a person must have the "privilege of conducting activities within the forum State" and that "the contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford Motor Co.*, 141 S.Ct. at 1024–25.

Plaintiffs fail to plead that Defendant Mara Cristina had more than just random contacts with the forum, in fact, they pled no such facts that she had any contacts with the forum. Rather, Plaintiffs plead that Defendant Mara Cristina, by way of the company she is a part of, acted in the forum when the cease and desist letters were sent. However, that does not consider the plain fact that the letters were not sent by Mara Cristina—not even in her official capacity within Defendant

Familia Kahlo. Instead, the letters were sent by the company's general manager. If a shareholder of a company in the United States could be hailed into a foreign jurisdiction simply because they are a shareholder without taking any active steps to avail themselves of that jurisdiction, our federal jurisprudence on personal jurisdiction would be meaningless—such is the position that is being taken by Plaintiffs here.

In fact, Plaintiffs' only argument is that Defendants' cease and desist letters satisfy Florida's long-arm statute, without providing more. This argument has been unpersuasive in a plethora of federal courts across the country, and it should hold true here. The use of cease and desist letters to enforce the rights of a person or entity are insufficient to satisfy the minimum contacts requirement. *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) (holding that three cease and desist letters sent by a defendant were, alone, insufficient to justify personal jurisdiction in a declaratory judgment claim).

Furthermore, Plaintiffs fail to demonstrate that Defendants purposefully availed themselves of the jurisdiction of Florida under the effects test, which states that "a nonresident defendant's single tortious act can establish purposeful availment when the tort was: (1) 'intentional; (2) [ ] aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state.'" *Miller*, 383 F. Supp. 3d at 1373 (citing *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1356). Plaintiffs cannot succeed under the effects test because, as a matter of law, the use of cease and desist letters "***do[es] not constitute 'express aiming' at the forum*** sufficient to establish the constitutionally required minimum contacts with the forum." *Impact Productions, Inc. v. Impact Productions, LLC*, 341 F. Supp. 2d 1186, 1191–92 (D. Col. 2004) (emphasis added).

Therefore, as a threshold matter, Defendant Mara Cristina cannot be subject to specific jurisdiction when the Complaint fails to allege any facts that show that Mara Cristina, as an individual, took any actions in Florida to tortiously harm Plaintiffs. Without more, Plaintiffs do not meet their burden to demonstrate to this Court that it has specific personal jurisdiction over Defendant Mara Cristina. Thus, Plaintiffs fail to satisfy the first prongs of the effects test and the inquiry should end there.

>    ii.    *Defendant Familia Kahlo is not subject to specific jurisdiction under Florida's Long-Arm statute*

The facts in the Complaint are not much different for Defendant Familia Kahlo. The same issue arises with exercising specific jurisdiction over the foreign corporation as with Defendant Mara Cristina. First, Defendant Familia Kahlo is a foreign corporation with no alleged contacts in the forum state, outside of three cease and desist letters directed at third parties for the purpose of enforcing the Defendant's intellectual property claims. However, assuming *arguendo* that the first prong of the effects test is satisfied—which it is not for the same reasons outlined for Defendant Mara Cristina, Plaintiffs still fail to satisfy the remaining prongs of the three-step test.

The second prong, whether the Defendant purposefully availed itself of the forum also fails for the simple fact that federal courts have long held that cease and desist letters to enforce intellectual property rights do not avail a party to a forum's jurisdiction. *See Red Wing Shoe Co., Inc.*, 148 F.3d at 1361. Therefore, unless Plaintiffs can show this Court that the cease and desist letters were utilized for reasons other than to enforce the rights that Defendant Familia Kahlo has according to Mexico's intellectual property laws and the Berne Convention,[2] Plaintiffs fail to satisfy the second prong of the test laid out in *Louis Vuitton*.

Finally, Plaintiffs fail to meet the requirements under the third step of the Eleventh Circuit's three-step test – whether fair play and substantial justice weigh in favor or against the exercise of jurisdiction. When determining whether fair play and substantial justice calls for the exercise of specific personal jurisdiction over a nonresident defendant, this Court must look to five factors: "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of several states in advancing fundamental substantive social policies." *Miller*, 383 F. Supp. 3d at 1375 (citing *Burger King Corp.*, 471 U.S. at 476-77).

---

[2] *See Golan v. Holder*, 565 U.S. 302, 306–08 (2012) (discussing the history and adoption of the Berne Convention, which grants foreign copyright holders protections in signatory member states, by Congress); *see also* 17 U.S.C. §104A (the application of the Berne Convention in the Copyright Act, providing protection for "restored" works, otherwise known as works in foreign nations that maintain the same protections here—with some exceptions provided for in the Act. None of which apply to the work at issue here.).

### iii.    The remaining *Louis Vuitton* factors militate against the exercise of personal jurisdiction

Without question, the burden on Defendants in this case is great as they are not residents of Florida, nor of any other state of the United States. Defendants are citizens of, and domiciled, in Mexico. *See* Defs. Comp. Exhibit A at pp. 2–3, ¶¶ 3-7; 5, ¶¶ 2–14; . The burden for them to litigate in another country is great. This action is but another attempt by FKC to continue to undermine the proper channels by which it can challenge the property rights of Defendants in Mexico. Therefore, the first factor should weight against the exercise of jurisdiction.

Second, the state of Florida has no interest in the adjudication of this dispute as it gains no value from who maintains the rightful title of the Frida Kahlo name and subsequent trademarks derived therefrom. Plaintiffs are Panamanian companies and Defendants are Mexican citizens. Regardless of whether this Court could adjudicate on the issue, it would be of little use to the state of Florida in terms of economic impact or impact on Floridian citizens. Therefore, the second factor also weighs against the exercise of jurisdiction.

Third, the Plaintiffs' interest in obtaining convenient and effective relief will not come from the litigation of the present case. Defendants have several pending litigations against FKC in foreign countries, which may render any outcome of this present case moot. As such, even in the unlikely event that this Court were to find that it had subject matter jurisdiction and personal jurisdiction, it would be necessary for a stay to be issued by this Court pending the resolution of the foreign litigation. Otheriwise, this Court and the parties may exhaust extensive amounts of resources litigating this case simply to have it become moot should a foreign court rule in favor of Defendants. Therefore, the third factor also weighs against the exercise of personal jurisdiction over Defendants.

Fourth, the interstate judicial system has no interest or stake in the outcome of this dispute, nor would exercising personal jurisdiction over Defendants help in obtaining a more efficient resolution to controversies for the interstate judicial system. In fact, exercising personal jurisdiction in this case would have the opposite effect. Thus, the appropriate measure is for this Court to dismiss the case and allow Defendants to pursue their claims in the foreign courts, which would lead to the efficient resolution of disputes within the interstate judicial system. Thus, the fourth factor also weighs against exercising specific personal jurisdiction.

Finally, the interest of states to advance social policies weigh in favor of Defendants in this case. The only claim made by Plaintiffs to subject Defendants to personal jurisdiction in Florida is the use of cease and desist letters that were utilized to inform infringers of Defendants' intellectual property rights. If the Court takes those letters, alone, to be sufficient to subject a foreign defendant to personal jurisdiction it would go against the social policy that cease and desist letters are encouraged to resolve infringement disputes before legal action is taken. Likewise, it would defeat the purpose laid out by the plethora of federal cases that have held that such letters are insufficient to satisfy the minimum contacts requirement for personal jurisdiction. Therefore, this Court should deny exercising personal jurisdiction over Defendants and dismiss the present action.

### C.  Rule 4(k)

Finally, several federal courts, including the present one, have held that Federal Rule of Civil Procedure 4(k)(2) applies only in limited circumstances to exercise general personal jurisdiction over foreign defendants. *See Giuliani v. NCL (Bahamas) Ltd.*, 558 F. Supp. 3d 1230, 1244 (S.D. Fla. 2021) (Gayles, J.) (calling into question the application of Rule 4(k)(2) for general jurisdiction purposes in the aftermath of *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)); *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1337–38 (S.D. Fla. 2016).

Moreover, as to Defendant Familia Kahlo, a multitude of federal courts, including the federal circuit, have long held that the sending of cease-and-desist letters is insufficient to exercise personal jurisdiction over a foreign defendant. *See Red Wing Shoe Co., Inc.*, 148 F.3d at 1361 (holding that three cease and desist letters sent by a defendant were, alone, insufficient to justify personal jurisdiction in a declaratory judgment claim); *Breckenridge Pharmaceutical, Inc. v. Metabolie Laboratories, Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006) (on appeal from the Southern District of Florida); *Yahoo! Inc. v. La Ligue Contre Le Racism Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762–63 (2d Cir. 1983); *see also* 5 Patry on Copyright § 17:176 n.1 (2022) (collecting cases holding that cease and desist letters in patent, trademark, and copyright contexts are insufficient to satisfy personal jurisdiction requirements).

Therefore, absent a showing that more has been done by Defendants causing some form of tortious act or contact with the forum state, jurisdiction over Defendants would be improper. As such, this Court lacks personal jurisdiction over Defendants pursuant to section 48.193, Florida

Statutes, and therefore, Defendants must be dismissed from this action for lack of personal jurisdiction.

**III.     This Court lacks subject matter jurisdiction to grant any declaratory judgment requested in Count III, and therefore, this Count should be dismissed.**

Attacking a complaint for lack of subject matter jurisdiction comes in two forms, facial attacks, and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert.* denied, 449 U.S. 953 (1980)). Whereas "'[f]actual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* Here, it is necessary for the Court to look beyond the four-corners of the Complaint and look at the original assignment contracts from which Plaintiffs derived the ability to claim any right to the Frida Kahlo name, brand, or mark.

**A. This Court lacks subject matter jurisdiction over the Assignment Contracts.**

Plaintiffs have alleged in the Complaint that this Court has subject matter jurisdiction under the Copyright- and Lanham Act pursuant to 28 U.S.C. § 1331. [ECF 1] at ¶ 2. Moreover, Plaintiffs allege that "[a] case and controversy exists under Article III of the United States Constitution," [ECF 1] at ¶ 72, based on the cease and desist letters that Defendants sent Plaintiffs' licensees. *Id.* Plaintiffs also allege that Defendants have no such "rights of publicity in the United States for images or names used in connection with art exhibitions." *Id.* at ¶ 74. However, to address Plaintiffs' alleged rights concern in the Complaint this Court would first need to determine whether Plaintiffs have legal right and title to the Frida Kahlo name or brand.

To do so, the Court would need to examine the underlying contracts that assigned the ownership of the Frida Kahlo trademarks to Plaintiff FKC, as well as the right to register new trademarks based on the assigned right to use and commercialize the Frida Kahlo name. However, this Court is precluded from analyzing such a right and whether Plaintiffs have the right to the Frida Kahlo name, and the subsequent registration of trademarks deriving from the name, because of the Parties original assignment agreements' forum selection clause. *See Frida Kahlo Corporation v. Pinedo*, 2021 WL 4147876, at *3 (Scola, J.) (holding that the forum selection clause

in the assignment of trademark rights agreements vest jurisdiction in the courts of Mexico City, Mexico); *see also* Defs. Comp. Exhibit "C" at 12, 31, 44, 52.

Plaintiffs filed this action as another attempt to have a United States court adjudicate a matter it simply cannot because the proper courts have not adjudicated the matter in Mexico. As John Adams famously said, "ours is a government of laws and not of men." As such, Plaintiffs cannot disregard the governing forum selection clause in the original assignment agreements that gave FKC arguable property rights in the Frida Kahlo name and potential future marks that derived from that name.[3]

This Court lacks subject matter jurisdiction, as it did previously, to adjudicate whether Plaintiffs have legal right and title to the Frida Kahlo name, and subsequent trademarks derived therefrom, under the assignment agreements, as they contain a mandatory forum selection clause. Thus, depriving this Court of subject matter jurisdiction to adjudicate the alleged rights implicated by Plaintiffs in Count III of the Complaint. *See* [ECF 1] at ¶ 77. It has been established by the Eleventh Circuit that a district court need "only enforce[ ] those clauses that unambiguously designate the forum in which the parties must enforce their rights under the contract." *Jiangsu Hongyuan Pharm. Co., Ltd. v. DI Glob. Logistics Inc.*, 159 F. Supp. 3d 1316, 1323 (S.D. Fla. 2016) (citing *Fla. Polk Cnty. v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 n. 8 (11th Cir.1999)). "A mandatory clause . . . 'dictates an exclusive forum for litigation under the contract.'" *Id.* (quoting *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir.2004)). Such a clause is at issue in the present case:

> ***each and every dispute*** arising with regard to the interpretation or fulfillment of this agreement ***shall be directed to the courts of Mexico City***, Federal District, and ***thus the parties expressly waive any other jurisdiction*** that could correspond to them by reason of their current or future place of residence.

Defs. Comp. Exhibit "C" at 12, 31, 44, 52 (emphasis added).

The forum selection clauses provide that litigation can ***only*** be conducted before a court in Mexico City and that disputes to the agreements—and the property rights conferred therein—must be adjudicated in that jurisdiction, waiving the right to bring such claims before other jurisdictions.

---

[3] Defendants continue to challenge the validity of the assignment agreements and the rights vested in Plaintiff FKC abroad, as was maintained in the previous action filed before this Court and Judge Scola.

*Id.* Therefore, this Court lacks subject matter jurisdiction, by way of the forum selection clauses, to adjudicate whether the assignment contracts vest in Plaintiffs the right and title to the Frida Kahlo name, and subsequent trademarks derived therefrom, because the ability to do so is vested ***solely*** in the courts of Mexico City. Therefore, this Court must dismiss Count III for lack of subject matter jurisdiction.

**B. The plain text of the Declaratory Judgment Act further supports the lack of subject matter jurisdiction in this case.**

Congress established the Declaratory Judgment Act to create a remedy for those seeking clarity in disputes related to rights such as those that Plaintiffs argue here. *See* 28 U.S.C. § 2201. Namely, the Act states that a remedy is available when a federal court has before it "a case of actual controversy ***within its jurisdiction***." *Id.* (emphasis added). These words have a significant meaning in this case—"within its jurisdiction." The plain and ordinary reading of those words in the context of section 2201 clearly means that declaratory relief may be provided by a federal court if all notions of jurisdiction are satisfied. *See Borden v. Katzman*, 881 F.2d 1035, 1037–38 (11th Cir. 1989) (citing *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667 (1950)); *see also Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 548 (7th Cir. 2003) (citing *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 248 (1952) ("[T]he jurisdiction of the district court [in a declaratory relief suit] depends on whether the court would have jurisdiction over that suit.")

Thus, a case in controversy is "within" the jurisdiction of a court when it is "within" the geographical jurisdiction of the court, i.e., the court can exert personal jurisdiction over the defendants, and "within" the court's subject matter jurisdiction, i.e., the court is not precluded from adjudicating the merits of the case. *Borden*, 881 F.2d at 1037. Therefore, for declaratory relief to even be available to a party, a court must have both personal and subject matter jurisdiction over the case in controversy to be able to consider declaratory relief. *See Borden*, 881 F.2d at 1037; *Primax*, 324 F.3d at 548.

Here, as stated herein, this Court lacks both personal jurisdiction over Defendants and subject matter jurisdiction to consider declaratory relief cause of action. Therefore, given that there exists no "case of actual controversy within" this Court's jurisdiction, Count III for Declaratory Judgment should be dismissed.

**IV.     Plaintiffs fail to state a claim for Copyright infringement because as a matter of law, Defendants Mexican copyright predates Plaintiffs', therefore, Count I should be dismissed.**

Count I for Copyright Infringement claims that Defendants infringed Plaintiffs' rights by "[making] a derivative work of FKC's Copyrighted Works without the permission of the Frida Kahlo Corporation." [ECF 1] at ¶56. First, the alleged infringement would be in violation of 17 U.S.C. § 106A, which Plaintiffs fail to even cite to in the Complaint. Section 106A states, in part, that "the author of a work of visual art shall have the right to claim authorship of that work . . . [and] shall have the right to prevent any intentional distortion mutilation, or other modification of that work. . . ." 17 U.S.C. § 106A(a)(1)–(3). Thus, it is clear that this section is implicated by the allegations in the Complaint. Plaintiffs claim a right to the registered works cited to, Registration Number VA 2-222-720 and VA 2-222-724, and that Defendants made a derivative work of the registered works without Plaintiffs' permission. [ECF 1] at ¶¶ 54–63. However, Plaintiffs' claim fails as a matter of law for one simple reason—Defendants' alleged derivative work is actually registered with the USPTO's Mexican counterpart and predates Plaintiffs.

This Court must look to the four-corners of the Complaint when determining the sufficiency of a claim, however, when asked, according to Federal Rule of Evidence 201, to take judicial notice, a court must do so. *See* Fed. R. Evid. 201(c)(2) (emphasis added) ("The **court must** take judicial notice if a party requests it and the court is supplied with the necessary information."). Moreover, in this circuit judicial notice may be requested at the motion to dismiss stage, especially when the notice requested is of public records. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53–54 (11th Cir. 2006) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir.1999)). Here, Defendants invoke Rule of Evidence 201 and ask that the Court take judicial notice of the public record filings of the alleged "derivative work" with the Public Registry of Copyrights in Mexico by Defendant Mara Cristina on January 14, 2016. *See* Exhibit "D."

The public record of the copyright filing in Mexico shows that the alleged "derivative work" was actually registered in Mexico in January of 2016, at least two years before the first work was registered by Plaintiffs on March 8, 2018, and the second on September 9, 2020. *See* [ECF 1] at ¶¶ 20–21. Moreover, pursuant to section 104A of the Copyright Act, Defendants registration of the work in Mexico is recognized by the United States as a signatory member to the Berne Convention—which allowed for the reciprocity of copyright recognition among member

states to create a uniform copyright rights enforcement scheme across the globe.[4] Therefore, Defendants have a properly registered work, the work cited to as derivative in the Complaint, *see* [ECF 1] at ¶ 42, that predates those claimed by Plaintiffs as having been infringed upon.

The fact is, the allegations made by Plaintiffs about the accessibility of their registered works for the taking to make derivative works can actually be said about Plaintiffs works as Defendants' predates theirs. Nevertheless, the timeline of registrations and authority under which they are recognized is important for only one reason—the ability to state a claim. "To establish a claim of copyright infringement, a plaintiff must prove, first, that he owns a valid copyright in a work, and, second, that the defendant copied original elements of that work." *Leigh v. Warner Bros, Inc.*, 212 F.3d 1210, 1214 (11th Cir. 2000) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiffs' only claim for copyright infringement is that the alleged "derivative work" was made as an illegal copying of the elements from Plaintiffs' registered works. [ECF 1] at ¶¶ 55–63. That claim fails as a matter of law because of the mere fact that Defendants' alleged "derivative work" was actually in existence at least two years before Plaintiffs' earliest registration of a work. It is ***a factual impossibility*** for Defendants to have taken elements from Plaintiffs' registered works when the alleged infringing work was created and predates Plaintiffs' own works. Therefore, as a matter of law, Plaintiffs fail the second prong of a copyright infringement claim, as laid out in *Leigh v. Warner*, and thus, Count I should be dismissed for failure to state a claim.

## CONCLUSION

This case is of paramount importance to Mexico and Mexican culture as it involves the rights of the true owners of the Frida Kahlo name and brand—Defendant Mara Cristina and Familia Kahlo. Before this Court is another attempt by Plaintiff FKC to bypass the laws of Mexico and the contracts to which it agreed to outside of the United States to even acquire the right to us the Frida Kahlo name. Regardless of Plaintiffs' several bites at the apple, they still fall short of having claims that this Court can adjudicate.

First, Plaintiffs fail to demonstrate how Defendants' actions—limited as they are—are sufficient to warrant the exercise of personal jurisdiction over Defendants, foreigners to Florida and the United States. Similarly, Plaintiffs fail to show how the rights it claims are within this

---

[4] *See Golan*, 565 U.S. at 306 (discussing the history of the Berne Convention and its adoption by Congress).

Court's jurisdiction to warrant the exercise of this Court's declaratory powers as provided by the Declaratory Judgment Act. Finally, Plaintiffs fail to plead, because it is a factual impossibility to do so, that it has a claim for copyright infringement. All of Plaintiffs' allegations fall short of the burdens which they carry and for those reasons the Court should dismiss the Complaint.

Simply because Plaintiffs dislike the fact that Defendant Familia Kahlo is enforcing its intellectual property rights—conferred on Defendant Mara Cristina by Mexican law, who in turn conferred them on Familia Kahlo—through the use of cease and desist letters, does not mean that Plaintiffs can hail Defendants into court. Our federal courts have long held this standard, and Plaintiffs have completely disregarded that here today by, once again, attempting to hail Defendants into American courts for actions which Defendants are entitled to take. Plaintiffs continue to use this Court and the federal judiciary as a battering ram against Defendants, continuously attacking them for actions which do not amount to causes of action in an attempt to continue to drain Defendants' resources. Accordingly, for the reasons detailed at length above this Court should dismiss Plaintiff's complaint.

**WHEREFORE**, Defendants, MARA CRISTINA TERESA ROMEO PINEDO, an individual, and FAMILIA KAHLO S.A. DE C.V., a Mexican corporation, respectfully request that this Honorable Court dismiss Plaintiffs' Complaint [ECF 1] pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), and grant Defendants such further relief as the Court deems necessary, just, and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via First Class U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

**EPGD ATTORNEYS AT LAW, P.A.**
Attorneys for Intervenors
777 SW 37th Ave. Ste. 510
Miami, FL 33135
T: (786) 837-6787
F: (305) 718-0687
Joanna@epgdlaw.com
Oscar@epgdlaw.com

BY: /S/ Joanna Andrade Lehmann
     Joanna Andrade Lehmann, Esq.
     Florida Bar No.: 1014578

## SERVICE LIST

Roberto M. Suarez, Esq.
Florida Bar No. 95762
Trueba & Suarez, PLLC
9150 S. Dadeland Blvd., Suite 1008
Miami, Florida 33156
Telephone: (305) 482-1001
Facsimile: (786) 516-2826
rsuarez@lex188.com

William R. Trueba, Jr., Esq.
Florida Bar No. 117544
Trueba & Suarez, PLLC
9150 S. Dadeland Blvd., Suite 1008
Miami, Florida 33156
Telephone: (305) 482-1001
Facsimile: (786) 516-2826
wtrueba@lex288.com