UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:22-cv-22399-DPG

FRIDA KAHLO CORPORATION, a
Panamanian corporation, and FRIDA KAHLO
INVESTMENTS, S.A., a Panamanian
corporation,

                  Plaintiffs,

vs.

MARA CRISTINA TERESA ROMEO
PINEDO, an individual and FAMILIA
KAHLO S.A. DE C.V., a Mexico corporation.

                  Defendants.

_____/

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, Frida Kahlo Corporation and Frida Kahlo Investments, S.A. (collectively, "Plaintiffs"), by and through their undersigned counsel, pursuant to the Fed. R. Civ. P. 15(a)(1)(B), hereby sue Defendants, Mara Cristina Teresa Romeo Pinedo and Familia Kahlo, S.A. DE C.V., and state:

**Nature of the Action**

1.     The Plaintiffs bring this lawsuit against the Defendants for tortious interference with an advantageous business relationship under Florida law, and for Declaratory Judgment under 28 U.S.C. §2201 for a declaration as to the right of Frida Kahlo Corporation to use the trademarks at issue in this lawsuit in connection with exhibitions and to use the images of the artist, Frida Kahlo, as captured by photographers during her lifetime and as properly licensed by the Frida Kahlo Corporation.

1

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331, because the causes of action arise under the Federal Declaratory Judgment Act and the Federal Lanham Act.

3. This Court also has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds $75,000 exclusive of interest and costs and this action is between citizens of Florida and citizens of Mexico.

4. This Court has supplemental jurisdiction over the claims arising under Florida state law in this action pursuant to 28 U.S.C. §1367 because such claims are so related to claims arising under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in this district.

6. The Court has personal jurisdiction over the Defendants pursuant to Fla. Stat. § 48.193(1)(a)(2), because they have personally, or through an agent or personal representative: committed tortious acts within this state by knowingly, intentionally and unjustifiably interfering with business contracts and advantageous business relationships, causing injury to Plaintiffs within this state. The causes of action arise from Defendants' activities, including sending cease and desist letters to Plaintiffs' licensees, in Florida.

7. The Court also has personal jurisdiction over the Defendants under Fed. R. Civ. P. 4(k)(2) because the claim arises under federal law, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

**The Parties**

8.      Plaintiff, Frida Kahlo Corporation, is a Panamanian corporation, with its principal place of business in the United States at 1111 Kane Concourse, Suite 410, Bay Harbor Islands, Florida.

9.      Plaintiff, Frida Kahlo Investments, S.A. ("Frida Kahlo Investments"), is a Panamanian corporation formed in 2008, with an office at 1111 Kane Concourse, Suite 410, Bay Harbor Islands, Florida.  Frida Kahlo Corporation, through its wholly owned subsidiary, Frida Kahlo Investments, manages Frida Kahlo Corporation's trademarks and other intellectual property rights, including the management of its trademark licenses.

10.     Frida Kahlo Investments holds a majority interest in Frida Kahlo Group, LLC d/b/a Frida Kahlo Corporation ("Frida Kahlo Group"). Frida Kahlo Group is a Florida limited liability company, with its principal address at 1111 Kane Concourse, Suite 410, Bay Harbor Islands, Florida.  The primary purpose of the Frida Kahlo Group is to protect and promote FKC's registered and unregistered trademarks and other intellectual property in the United States and worldwide.

11.     Defendant, Mara Teresa Cristina Romeo Pinedo ("Pinedo"), is an individual residing in Mexico.

12.     Pinedo previously acted for Frida Kahlo Corporation in her capacity as secretary of the Frida Kahlo Corporation and continues to assert herself as secretary of the Frida Kahlo Corporation.  Pinedo has travelled to and worked from Plaintiffs' offices in Miami, Florida during that time.

13.     Pinedo is aware of Frida Kahlo Corporation's offices and business in Florida.

14.     Defendant Familia Kahlo, S.A. DE C.V. ("Familia Kahlo") is a sociedad anonima (sa de cv) formed in Mexico.

3

15. Pinedo is an officer and owner of Familia Kahlo.

16. Pinedo, individually and on behalf of Familia Kahlo, regularly travels throughout the United States.

17. On or about May 7, 2021, Pinedo attended the San Antonio Botanical Gardens Frida Kahlo Oasis exhibit in Texas:



*Available at* https://www.ksat.com/sa-live/2021/05/07/frida-kahlos-relatives-in-san-antonio-for-frida-kahlo-oasis-exhibition/.

18. On or about October 27, 2021, Pinedo attended the San Antonio Botanical Garden, Garden to Table Chef Series in Texas:



4



*Available at* https://www.sabot.org/events/garden-to-table-chef-series-familia-kahlo/.

19.     On or about February 11, 2022, Pinedo "traveled to Boston for the opening of the ["Immersive Frida Kahlo"] show."



**Shows & Exhibitions**

# Frida Kahlo's Family Members Say a New Immersive Exhibition Dedicated to Her Work Is Nothing Short of 'Revolutionary'

"Frida would be very happy," one family member said.

**Sarah Cascone**, February 11, 2022



Mara De Anda and Mara Kahlo at "Immersive Frida Kahlo." Photo by Kristina Vicario.

Frida Kahlo's great grandniece, who worked for a year to help produce "Immersive Frida Kahlo," the digitally animated light show based on the great Surrealist's work, says she is overwhelmed with joy by the exhibition.

Mara Romero Kahlo, the granddaughter of Cristina Kahlo, Kahlo's sister, and Mara's daughter, Mara De Anda, traveled to Boston for the opening of the show, which incorporates not only Kahlo's art, but also family snapshots and historical photographs from her lifespan.

*Available at* https://news.artnet.com/art-world/artists-family-signs-immersive-frida-kahlo-2070495.

20.     On or about February 18, 2022, Pinedo also attended the opening of the Immersive Frida Kahlo exhibit in Dallas, Texas:





Author: Adriana De Alba
Published: 7:11 PM CST February 18, 2022
Updated: 7:11 PM CST February 18, 2022



DALLAS — It's the story of an extraordinary life and an icon.

Inside of an old building along South Harwood Street in the heart of Dallas, visitors were mesmerized by the brightly-colored moving artwork of Mexican painter Frida Kahlo.

On Friday, Kahlo's living relatives visited the Immersive Frida Kahlo exhibit launched in Dallas. The Frida show in Dallas is among six exhibits launching across the country.

*Available at* https://www.wfaa.com/article/news/local/frida-kahlo-family-visits-immersive-exhibit-dallas/287-1997df5e-1119-4d26-ba3a-9488e4eb4188.

21.     On or about March 2022, Pinedo attended the opening of the Immersive Frida Kahlo exhibit in Denver, Colorado.

22.     On or about March 16, 2022, Pinedo attended the Immersive Frida Kahlo exhibit in San Francisco:





The Immersive Frida Kahlo exhibit is open at Lighthouse ArtSpace at SVN West in San Francisco.

SAN FRANCISCO (KGO) -- The Immersive Frida Kahlo exhibit is now open at Lighthouse ArtSpace at SVN West in San Francisco.

*Available at* https://abc7news.com/immersive-frida-kahlo-exhibit-san-francisco-art-exhibits-lighthouse-artspace-sf/11642950/.

23.     In 2022, Pinedo also attended the events relating to the openings of the Immersive Frida Kahlo exhibits in Chicago, New York, Houston and Los Angeles.

24.     On or about November 3, 2022, Pinedo attended and received the Impacto Latino award in New York.

**Facts**

25.     This lawsuit concerns Defendants' tortious interference with Frida Kahlo Corporation's licensees in July 2022, and the rights of the parties with respect to the name and image of Frida Kahlo in connection with art exhibitions and phone covers.

26.     Frida Kahlo Corporation was formed in 2004, with the mission to educate, share and preserve the art, image, and legacy of the world-famous Mexican artist, Magdalena Carmen Frida Kahlo y Calderon (aka "Frida Kahlo"), through the worldwide commercialization and licensing of the FRIDA KAHLO brand.

27.     Frida Kahlo Corporation is the owner of hundreds of trademarks worldwide.  The following trademarks in the United States are at issue in this lawsuit:

| Trademark | Registration or Serial No | Goods and Services |
| --- | --- | --- |
| *Frida* | 6061413 | Educational services, namely, providing classes, workshops, conferences, seminars, and networking events in the field of Frida Kahlo, art, and woman empowerment; Providing of training in the field of Frida Kahlo, art, and woman empowerment; Entertainment services, namely, exhibits in the field of art exhibitions; Sporting and cultural activities in the nature of art exhibitions, galleries, and museums |
| IMMERSIVE FRIDA KAHLO EXHIBIT | 6908398 | Art exhibitions; Museums |
| FRIDA KAHLO EXPERIENCE | 6896828 | Art exhibitions; Museums |
| FRIDA EXPERIENCE | 90780539 | Art exhibitions; Museums |
| FRIDA KAHLO | 6896829 | Art exhibitions; Museums |

| FRIDA KAHLO | 6211125 | Cell phone covers; Protective covers and cases for cell phones; Protective covers and cases for cell phones, laptops and portable media players; Protective covers for cell phones |
| --- | --- | --- |

(collectively, "the FKC Trademarks").

28.     Frida Kahlo Corporation also has established common law rights in various marks through substantial and continuous use in commerce in the United States.

29.     Frida Kahlo Corporation is the owner of several copyrighted works as well.

30.     Plaintiffs have entered into contracts with (i) Primo Entertainment LLC ("Primo Entertainment"), a Florida limited liability company, and (ii), Garber IMC as licensees, to co-brand, promote and publish walk-through exhibitions titled *Frida Kahlo – The Life of an Icon* ("Exhibitions").

31.     Plaintiffs have also entered into a contract with OEG Latino, a division of One Entertainment Group, LLC ("OEG"), a Texas limited liability company and licensing agent.

32.     OEG is an agent for Casely, Inc., a New York corporation that co-brands, produces promotes and sells phone covers, as a licensee, in the stores located at the Exhibitions.

33.     In July 2022, Defendants, through the General Manager of Defendant Familia Kahlo S.A. de C.V., Alfonso Duran, sent cease and desist letters to several of Frida Kahlo Corporation's licensees in the United States and Florida, demanding that the licensee's "refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo" all the while knowing Plaintiffs conduct business from their offices in Miami, Florida.

34.     Primo Entertainment, OEG, Garber IMC and Casely (the "Licensees") have requested Frida Kahlo Corporation dedicate resources to address the cease and desist letters.

35. The Exhibitions explore a journey through Frida Kahlo's biography using collections of historical photographs, original films, digital environments, artistic installations, collector's items and newly created music.

36. Plaintiffs advertise the Exhibitions on their website at https://fridakahlocorporation.com/. Frida Kahlo Corporation's website displays its phone number in the (305) area code, which serves Miami-Dade County, Florida.

37. The Exhibitions are scheduled in seven cities in the United States, including Miami, Florida.

38. Consumers may purchase tickets for the Exhibitions in the United States, including the Exhibition scheduled in Miami, Florida through the website.

39. The Defendants' intimidation of Plaintiffs' licensees is not limted to those targeted for the production and operation of the Exhibition.

40. The dates, licensee and excerpts from a few of the cease and desist notices sent by Defendants to Plaintiffs' Licensees in the United States and Florida are summarized below:

| Date | Licensee | Excerpt |
|---|---|---|
| March 24, 2017 | Cantor Fine Art | [W]e kindly request you to please immediately cease such use, inform us that you are ceasing such use, and in any case inform us if you have any authorization to use such Emoji Keyboard and all the correspondent information of such authorization. |
| September 19, 2017 | Rage On | [T]his activity directly and flagrantly violates the Intellectual Property rights of Mrs. Mara Cristina Teresa Romeo Pinedo, since neither she nor Familia Kahlo, S.A. de C.V., granted the authorization or license necessary for the said goods to be associated totally or partially with the image and / or the name and / or the signature of the famous Mexican painter. |

| January 19, 2021 | CIC Media TV, Miami, Florida | The following then serves to ask you, not to violate the intellectual property of the undersigned and much less the image of our family, specifically the famous painter FRIDA KAHLO [translated]. |
|---|---|---|
| July 22. 2022 | Primo Entertainment, Miami, Florida | [W]e hereby have the obligation to request that you refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo, in which case we will hold you jointly and severally liable |
| July 22, 2022 | OEG Latino | [W]e hereby have the obligation to request that you refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo, in which case we will hold you jointly and severally liable |
| July 25, 2022 | Casely | [W]e hereby have the obligation to request that you refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo, in which case we will hold you jointly and severally liable |

41.     Specifically, on July 22, 2022, Defendant Mara Cristina Teresa Romeo Pinedo, through her representative, Defendant Familia Kahlo, sent a cease and desist letter to Primo Entertainment relating to the Exhibitions.

42.     In the letters, Familia Kahlo identifies as representative of Pinedo, personally, stating, "[w]e would like to inform you that our represented, the heiresses of the painter Frida Kahlo" and "in our capacity as representatives of Mrs. Mara Cristina Teresa Romeo Pinedo."

43.     In the cease and desist letter, Defendants demanded that Primo Entertainment "refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo."

44. Similarly, on the same day, Defendants sent the same cease and desist letter to OEG Latino, demanding that OEG Latino "refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo."

45. Again, on the same day, Defendants sent the same cease and desist letter to Garber IMC, demanding that Garber IMC "refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo."

46. On July 25, 2022, Defendants sent a similar cease and desist letter to Casely, relating to the production or commercialization of a collection of phone cases, demanding that Casely "refrain from participating, directly or indirectly, in any business initiative that involves the use of the name or image of the painter Frida Kahlo."

47. In the cease and desist letters, Defendants demand that Frida Kahlo Corporation's Licensees, as the recipients of the letter, stop in any business initiative that involves the "name" or "image" of Frida Kahlo.

48. This is not the first time that Defendants reached into Florida to interfere with Plaintiffs' licensees. On January 19, 2021 Defendants sent a cease and desist letter to CIC Media TV in Miami, Florida.

49. Defendants intended to cause Primo Entertainment, OEG Latino and Garber IMC to cease production and promotion of the Exhibitions, thus interfering with their relationships with Plaintiffs, and causing harm to the relationship between Plaintiffs and their licensees.

50. Defendants also intended to cause Casely from ceasing production and promotion of the phone cases, thus interfering with its relationship with Plaintiffs, and causing harm to the relationship between Plaintiffs and their licensee.

14

51.     Defendants state in the cease and desist letters to the Licensees that they have requested "nullity of any association or co-production agreements" between Frida Kahlo Corporation and natural or legal persons, in relation with the improper use of Frida Kahlo's image and name.

52.     Notably, Defendants, in their cease and desist letters, did not identify or provide any trademark or copyright registrations, or otherwise provide any evidence or information identifying that Defendants own any intellectual property rights relating to the use of Frida Kahlo's image and name in connection with the Exhibitions or the phone covers.

53.     The Licensees use FKC's Trademarks, which include the "name" Frida Kahlo in connection with the Exhibitions and phone covers.

54.     Plaintiffs have obtained all required copyright licenses from photographers for the use of images of Frida Kahlo in the photographs used in the Exhibitions.

55.     The artist, Frida Kahlo, died July 13, 1954.

56.     Defendants do not have any rights of publicity related to Frida Kahlo's name or likeness in the United States.

57.     Because Defendants have not identified and do not own any rights in the United States for the name or image of Frida Kahlo, Defendants have no justification in interfering with Plaintiffs' relationships and contracts with the Licensees.

58.     Defendants have never enforced any purported trademark rights in FRIDA KAHLO in the United States.

59.     Defendants had the opportunity before the United States Patent & Trademark Office's Trademark Trial and Appeal Board to defend their purported trademark and intellectual property rights – but failed to do so.

60.     In final judgments, the Trademark Trial and Appeal Board refused registrations of FRIDA KAHLO-related trademarks applied for by Pinedo and Familia Kahlo in the following matters, respectively: *Frida Kahlo Corporation v. Mara Cristina Teresa Romeo Pinedo*, Opposition No. 91254969 (refusing registration in Serial No. 88625380 for "FISITA" – the nickname of Frida Kahlo) and *Frida Kahlo Corporation v. Familia Kahlo, S. A. de C.V.*, Opposition No. 91226430 (refusing registration in Serial No. 86674707 for "FK" – the initials of Frida Kahlo).

61.     Defendants failed to defend any of the purported trademark rights they now allege to own in their cease and desist letters to Plaintiffs' licensees.

62.     Despite knowing that they do not have any trademark rights in the United States, registered or unregistered, Defendants continue to interfere with Plaintiffs' licensees based in the United States and based in Florida.

63.     Defendants manifested a specific intent to interfere with Plaintiffs' license agreements and relationships when Defendants sent cease and desist letters to the Plaintiffs' Licensees, demanding that the Licensees refrain from business activity using the FKC Trademarks and images of Frida Kahlo – without any legal basis in the United States.

64.     Defendants intentionally and unjustifiably interfered with the relationship between Plaintiffs and the Licensees relating to the Exhibitions and the phone covers in order to cause the licensees to cease from continuing to do business with the Plaintiffs and to inflict harm to Plaintiffs' commercial activities in Florida and the United States.

65.     Plaintiffs have incurred damages, which are continuing, and include without limitation, Plaintiffs having to dedicate resources to address Defendants' interference campaign

and damages directly caused by Defendants' interference in Plaintiffs' business relationships with their licensees.

66.     All conditions precedent have been met and the claims being asserted by Plaintiffs are ripe for consideration by the Court.

**COUNT I - TORTIOUS INTERFERENCE
WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS**

67.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 66 hereof as if set forth herein in full.

68.     Plaintiffs have an advantageous business and contractual relationship with Primo Entertainment, OEG Latino and Garber IMC relating to Exhibitions and with Casely relating to phone covers.

69.     Defendants, knowing of the relationships between Plaintiffs and the Licensees, sent the Licensees cease and desist letters, claiming that the Licensees must refrain from using the name and image of Frida Kahlo.

70.     Defendants do not have any intellectual property rights for the name and image of Frida Kahlo in the United States.

71.     Defendants' actions of sending cease and desist letters into the United States and Florida to the Licensees were intentionally meant to cause the Licensees to cease production and promotion of the Exhibitions and the phone covers.

72.     Defendants unjustifiably interfered with the relationship between Plaintiffs and the Licensees.

73.     Plaintiffs suffered damages in dedicating resources and as a result of Defendants' interference, and continue to suffer damages.

17

## COUNT II– DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

74.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 66, as if set forth herein in full.

75.     A case or controversy exists under Article III of the United States Constitution as Defendants have sent cease and desist letters to several of Plaintiffs' licensees in the United States, including Primo Entertainment, located in Florida, OEG Latino and Garber IMC, misrepresenting that they are the rightful and purported owners of the name and image of "Frida Kahlo" used in connection with the Exhibitions.

76.     Such statements are not only false, but harmful to Plaintiffs' relationships with all of its licensees, of the FKC Trademarks in the United States.

77.     Defendants own no such rights – none exist for rights of publicity in the United States for images or names used in connection with art exhibitions.

78.     Defendants do not own, nor have they applied for registration of any copyright or trademark for FRIDA KAHLO in connection with art exhibitions.

79.     Frida Kahlo Corporation is the owner of hundreds of trademarks worldwide.  In the United States, Frida Kahlo Corporation is listed as the trademark owner of the FKC Trademarks.

80.     A dispute has arisen between Plaintiffs and Defendants as to (i) whether any rights of publicity exist for Frida Kahlo's name and image under law; (ii) whether any copyrights are infringed in the photographs and images used in the Exhibitions; and (iii) whether Plaintiffs own the FKC Trademarks registered and applied-for in connection with exhibitions; and (iv) whether Plaintiffs own the FKC Trademark registered in connection with phone covers.

81.     Plaintiffs are entitled to a declaratory judgment, declaring the rights and legal

18

relations between them as they relate to the intellectual property rights of Plaintiffs and Defendants in connection with exhibitions and phone covers.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs asks this Court to enter judgment in their favor and against Defendants, jointly and severally, for:

(A) compensatory damages in an amount greater than $75,000 exclusive of interest and costs;

(B) an award of reasonable attorney's fees, because this case is exceptional under the Lanham Act;

(C) an Order enjoining Defendants from interfering with Plaintiffs' Licensees;

(D) an Order declaring that Plaintiff, Frida Kahlo Corporation, as owner of the FKC Trademarks, has the right to use its trademarks without violating any rights of publicity of Frida Kahlo;

(E) an Order declaring that Plaintiffs have the right to use the photographic images of Frida Kahlo used in the Exhibitions, without violating any rights of publicity of Frida Kahlo;

(F) for such other and further relief as the Court deems just and proper.

**PLAINTIFFS HEREBY DEMAND a jury trial under FRCP Rule 38(a).**


Date:  December 15, 2022                                    Respectfully submitted,

                                                           By: s/Darlene Barron
                                                           Darlene Barron, Esq.
                                                           Florida Bar No. 108873
                                                           dbarron@lex188.com
                                                           William R. Trueba, Jr., Esq.
                                                           Florida Bar No. 117544
                                                           wtrueba@lex188.com

Roberto M. Suarez, Esq.
Florida Bar No. 95762
rsuarez@lex188.com

TRUEBA & SUAREZ, PLLC
7480 Bird Road, Suite 601
Miami, Florida 33155
Telephone:    (305) 482-1001
Facsimile:    (786) 516-2826

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2022, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record or pro se parties identified on the attached Service List in

the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF

or in some other authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.

Respectfully Submitted,

By: s/Darlene Barron
    Darlene Barron, Esq.
    Florida Bar No. 108873
    dbarron@lex188.com
    William R. Trueba, Jr., Esq.
    Florida Bar No. 117544
    wtrueba@lex188.com
    Roberto M. Suarez, Esq.
    Florida Bar No. 95762
    rsuarez@lex188.com
    TRUEBA & SUAREZ, PLLC
    7480 Bird Road, Suite 601
    Miami, Florida 33155
    Telephone: (305) 482-1001
    Facsimile: (786) 516-2826

*Attorneys for Plaintiff*

20

<u>**SERVICE LIST**</u>

*Frida Kahlo Corp., et al. v. Mara Cristina Romeo Pinedo, et al.,* Case No. 1:22-cv-22399-DPG
United States District Court, Southern District of Florida

Joanna Andrade Lehmann, Esq.
Florida Bar No.: 1014578
Joanna@epgdlaw.com
Oscar@epgdlaw.com

EPGD ATTORNEYS AT LAW, P.A.
777 SW 37th Avenue, Suite 510
Miami, Florida 33135
Telephone: (786) 837-6787
Fax: (305) 718-0687

*Attorneys for Defendants*

Darlene Barron, Esq.
Florida Bar No. 108873
dbarron@lex188.com
William R. Trueba, Jr., Esq.
Florida Bar No. 117544
wtrueba@lex188.com
Roberto M. Suarez, Esq.
Florida Bar No. 95762
rsuarez@lex188.com

TRUEBA & SUAREZ, PLLC
7480 Bird Road, Suite 601
Miami, Florida 33155
Telephone: (305) 482-1001
Facsimile: (786) 516-2826

*Attorneys for Plaintiff*